UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IVAN QUINTERO MILIAN,

       Petitioner,

    v.                                                    Case No.:  2:26-cv-00931-SPC-DNF

TODD BLANCHE *et al*,

       Respondents,

                             /

## **OPINION AND ORDER**

Before the Court are petitioner Ivan Quintero Milian's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 7).

Quintero Milian is a native of Cuba who entered the United States in 1985. He was convicted of sexual battery in 1996, and an immigration judge ordered him removed on March 21, 1997.  After his release from prison on August 1, 2001, Immigration and Customs Enforcement ("ICE") took him into custody.  ICE released him under an order of supervision on February 19, 2004. Quintero Milian was convicted of sexual battery again on August 25, 2010, and he served another prison term.

On November 24, 2025, Immigration and Customs Enforcement ("ICE") arrested Quintero Milian in a targeted immigration enforcement operation. He is currently detained at Alligator Alcatraz.  Quintero Milian argues his

detention is unlawful because removal is not significantly likely in the reasonably foreseeable future.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably

foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Quintero Milian's petition is premature because his current detention has not exceeded 180 days. They assume the six-month presumptively reasonable period of detention resets each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by releasing and re-detaining them every 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Quintero Milian carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government was unable to remove him in 2004, and there is no agreement between the U.S. and Cuba to pave the way for his repatriation. The burden shifts to the government, but it makes no attempt at rebuttal. The Court finds

no significant likelihood Quintero Milian will be removed in the reasonably foreseeable future.

However, assuring the presence of a noncitizen at the moment of removal is not the only statutory justification for immigration detention. "The second justification—protecting the community—does not necessarily diminish in force over time." *Zadvydas*, 533 U.S. at 690. The Supreme Court has "upheld preventative detention based on dangerousness only when limited to specially dangerous individuals and subject to strong procedural protections." *Id*. Given Quintero Milian's criminal history, the Court will give ICE an opportunity to determine whether his detention is necessary to protect the community.

Accordingly, it is hereby

**ORDERED:**

Ivan Quintero Milian's Petition for Writ of Habeas Corpus (Doc. 1) remains under advisement.

1. Within 30 days of this Order, ICE shall conduct a custody review to determine whether Quintero Milian poses a danger to the community sufficient to justify continued detention.

2. Within seven days of the custody review, the respondents shall file a supplemental response, addressing the results of the review and any updates on removal efforts.

3. Quintero Milian may file a reply within three days of the supplemental response.

**DONE AND ORDERED** in Fort Myers, Florida on April 15, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record